# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **LARRY FORTUNE** | **PLAINTIFF** |
| **V.** | **CAUSE NO. 3:18-CV-545-CWR-LRA** |
| **XFIT BRANDS, INC.** | **DEFENDANT** |

## ORDER

Before the Court is Larry Fortune's motion to remand. For the reasons that follow, the motion will be denied.

## I. Background

In 2017, Larry Fortune filed this breach of contract action against XFit Brands in Mississippi state court. He sought $66,500 in damages, plus statutory attorney's fees under Mississippi Code § 11-53-81. Although the parties are citizens of different states, the case was not removable to federal court because it was not obvious that the amount in controversy exceeded $75,000.

In 2018, XFit propounded discovery requests to Fortune. One of the requests asked Fortune to "admit that You [sic] are not seeking in excess of $75,000 in this litigation." Fortune responded, "Denied." He did not respond to any other discovery request. Xfit promptly removed the case here pursuant to diversity jurisdiction.

The present motion followed. In it, Fortune contends that his admission was insufficient to establish the amount in controversy. Alternatively, Fortune argues that the amount in controversy exceeds $75,000 only because the extended litigation is forcing him to raise his demand for statutory attorney's fees.

The familiar legal standard applies and need not be recited anew. *See Powell v. Target Corp.*, No. 3:16-CV-127, 2016 WL 4573974, at *1–2 (S.D. Miss. Sept. 1, 2016).

**II.    Discussion**

Federal judges in this State generally accept XFit's approach to establishing the amount in controversy—targeted discovery requests in state court. One judge found it "axiomatic that when a plaintiff fails to admit or stipulate that he will not accept more than $75,000 in damages, a federal court may deem that failure to be sufficient proof that the amount in controversy exceeds $75,000 and that the federal diversity jurisdictional amount is therefore satisfied." *Easley v. Lowe's Home Ctrs., Inc.*, No. 1:06-CV-291, 2007 WL 2127281, at *3 (N.D. Miss. July 23, 2007) (collecting cases).

Fortune argues that this Court should depart from this well-trod path. "A response to a request for admission standing alone," he says, "is insufficient to establish the amount in controversy for diversity jurisdiction purposes." Docket No. 4 at 5. His argument is based upon *Mabry v. Government Employee's Insurance Company*, 267 F. Supp. 3d 724 (N.D. Miss. 2017).

In *Mabry*, my colleague Judge Brown charted a new course. She first found that under Mississippi Rule of Civil Procedure 36(a), a plaintiff's denial of the amount in controversy "may not be deemed anything more than a statement that the requested admission presents a genuine issue for trial." *Id.* at 729. She then held that as a matter of federal procedure, using requests for admission to determine the amount in controversy "cannot be squared with the well-established rule that litigants cannot bestow subject matter jurisdiction on federal courts by waiver or consent." *Id.* (quotation marks, citation, and brackets omitted).[1]

---

[1] In denying reconsideration, Judge Brown summarized her order in this way: "This Court based this decision on two separate rationales: (1) the Preferred Approach is tantamount to allowing parties to consent to jurisdiction; and (2) under Mississippi law, a denial of a request for admission may be deemed nothing more than a statement that the

2

Judge Brown's new course has persuaded this Court to conduct a careful review of our customary approach. After considering the points raised by my friend, I still believe the customary approach is the most appropriate path to travel, at least given the record in this case. My response to Judge Brown follows. I take up her lines of reasoning in reverse order.

> A. **Federal Courts May Use Requests for Admission to Determine the Amount in Controversy**

Judge Brown contends that federal courts cannot use requests for admission to determine the amount in controversy because "litigants cannot bestow subject matter jurisdiction on federal courts by waiver or consent." But it is not clear why the "waiver or consent" caselaw should be imported into the remand context.

In the "waiver or consent" cases, despite the lack of federal jurisdiction, the plaintiff declines to move to remand (or the defendant declines to move to dismiss) because the parties jointly prefer the federal forum. No one is volunteering discovery suggesting a lack of jurisdiction. When a motion to remand is filed, though, the parties are not on the same page: the plaintiff wants to be returned to his forum of choice, while the defendant wants to stay in federal court. There is no waiver or consent because the forum is contested. Discovery will be useful and appropriate to consider.

I am also concerned that the new path created by *Mabry* provides an avenue to treat a plaintiff's free choice as something to be disregarded.

The truth is that plaintiffs "bestow" subject matter jurisdiction on federal courts every day when they choose to bring federal causes of action, choose to sue federal actors, or choose to sue out-of-state defendants for significant sums of money. I do not view these choices as "waiver or

---

request represents an issue for trial." *Mabry v. Gov't Employee's Ins. Co.*, 268 F. Supp. 3d 885, 887 (N.D. Miss. 2017).

3

consent"—they are the plaintiff's right as "the master of the complaint." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (quotation marks and citation omitted).[2] The amount in controversy is simply another choice the plaintiff has to make in bringing her case: *should I pursue more than $75,000, or less than $75,000*? If she chooses to demand more than $75,000, she knows she may end up in federal court.

There's no better way to ask that than a targeted request for admission. Indeed, to hold otherwise would lead to a problematic result causing more litigation.

Let's assume that the diverse defendant asks the diverse plaintiff, via request for admission, to admit that she seeks more than $300,000 in damages. Further assume that the plaintiff responds, "admitted." That's the end of the analysis: the case is removable. The request for admission was a simple and fast way for the plaintiff to clarify her demand.[3]

To hold the admission insufficient would simply disregard the plaintiff's voluntary choice and substitute it with . . . what? The court's opinion that the plaintiff *truly* seeks less than $300,000? The defendant's opinion that the plaintiff seeks less than $100,000? One can see the knotty problems tied to that approach. If the plaintiff's decisions were so easily invalidated, so easily written off by the court or her opponent, she should not bother to file a complaint.

For these reasons, the Court will continue to abide the customary practice in this district and honor requests for admissions used to determine the amount in controversy.

---

[2] In *Pendleton v. Hinds County*, for example, remand was appropriate because the plaintiff had brought only state law claims in her complaint, even though the plaintiff admitted that she also had a pending charge of discrimination before the EEOC. No. 3:08-CV-754, Docket No. 10 at 4 (S.D. Miss. Apr. 5, 2010). Pendleton, the court noted, "has not pleaded any federal law claims and the court will not re-write the Complaint for the plaintiff." *Id*. at 7. "Should a plaintiff bypass available remedies under federal law in favor of state law claims, and then fail in the undertaking, then, at least, it was the plaintiff's choice to do so." *Id.*; *see also McCubbins v. United Airlines, Inc.,* 244 F. Supp. 3d 557, 563 (S.D. Miss. 2017).

[3] Given this hypothetical, one wonders whether this issue could have been avoided if XFit asked Fortune the opposite question—to admit that he *was* seeking more than $75,000. That is a much better question in this Court's view. Fortune presumably would have admitted the request.

### B. The Mississippi Rules Favor Early Resolution of the Amount in Controversy

That leaves Judge Brown's alternate basis for remand: that Mississippi Rule 36(a) treats the denial of a request for admission as "a statement that the request represents an issue for trial." *Mabry*, 268 F. Supp. 3d at 887. But, the Rule provides something else, too. The relevant part of the Rule is reproduced here:

> The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; he may, *subject to Rule 37(c)*, deny the matter or set forth reasons why he cannot admit or deny it.

Miss. R. Civ. P. 36(a) (emphasis added). *Mabry* does not acknowledge the significance of this Rule's incorporation of Rule 37(c). The decision overlooks the cross-reference.

Rule 37(c) explains how to punish a party who abuses Rule 36. The full text of Rule 37(c) is as follows:

> **Expenses on Failure to Admit.** If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, *he may apply to the court for an order requiring the other party to pay him* the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court *shall* make the order unless it finds that (1) the request was held objectionable under Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit.

*Id.* at 37(c) (emphasis added).

In certain situations, it is understandable to treat a denial as an announcement of a fact dispute. If a party asks another to admit to negligent operation of a motor vehicle, the answer "denied" can fairly be interpreted as a denial in deference to the ultimate fact-finder's determination. It is for the jury to decide whether a party was negligent.

The problem in our situation is that no fact-finder can determine how much the plaintiff will *seek* at trial—the matter is entirely up to the plaintiff. Only the plaintiff knows, and he can always say, "I am not seeking, nor will I seek, more than $75,000." And not until that moment is the defendant on notice that the battle must be waged in State court.

Put differently, there is a mismatch between the Rule and the way in which *Mabry* wields it. *Mabry* is correct that the text of Mississippi Rule 36(a) permits denials to be treated as fact disputes. But there cannot be a fact dispute about something over which the plaintiff has unilateral control.

A final problem awaits after remand. Assume that this Court, following *Mabry*, determines that the plaintiff's denial does not satisfy the amount in controversy requirement, and remands the case to state court. The case is removable again the moment the plaintiff submits another paper or pleading seeking more than $75,000.[4] *See* 28 U.S.C. § 1446(b)(3); *Ellis v. Piccadilly Restaurants, LLC*, No. 3:11-CV-394-CWR-FKB, 2011 WL 8198686, at *2–3 (S.D. Miss. Sept. 26, 2011). At that time, given the combination of Rules 36(a) and 37(c), the plaintiff may be forced to pay his opponent's attorney's fees for the time spent litigating the failure-to-admit. The strategic vagueness the plaintiff celebrated in securing his first remand will have backfired spectacularly.

---

[4] The one-year limitation on removal is tolled if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

In my opinion, it is better to just admit on the front end that the amount in controversy exceeds $75,000. And it is better for the judiciary to encourage clarity at the beginning of the case, both for the parties' sake and to avoid the inevitable satellite litigation over fees.[5]

### C. The Increasing Amount in Controversy

The last issue is whether XFit should be blamed for Fortune's amount in controversy rising beyond the jurisdictional threshold. Fortune argues that his claim for attorney's fees is increasing only because of XFit's litigious conduct. *See JCB, Inc. v. Horsburgh & Scott Co.*, No. 17-51023, 2018 WL 5919527, at *7 (5th Cir. Nov. 14, 2018) (Ho, J., concurring) ("courts typically . . . recognize that damages can increase or decrease over time. Contract damages can decrease if opportunities to mitigate subsequently arise, and tort damages can decrease if the extent of injury is not what it seemed at the time of liability."). Fortune has not pointed to any authority supporting his position, and prudential reasons suggest that the judiciary should be reluctant to delve into the subjective reasons behind *why* the plaintiff increased his demand, and instead simply honor the plaintiff's actual demand. In this case, the plaintiff's denial satisfies the amount in controversy requirement.

## III. Conclusion

The motion to remand is denied. Within 10 days, the parties shall contact the chambers of the Magistrate Judge to schedule a Telephonic Case Management Conference.

**SO ORDERED**, this the 4th day of December, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[5] For this reason, where the complaint is ambiguous on the amount in controversy, this Court routinely allows a plaintiff to file a post-removal affidavit declaring that she is seeking less than the jurisdictional limit. *See, e.g.*, *Porter v. Georgia-Pacific Chemicals LLC*, No. 3:12-CV-842-CWR-FKB, 2013 WL 3544017, at *1 (S.D. Miss. July 11, 2013); *Drinkard v. Murphy Oil USA, Inc.*, No. 3:14-CV-303-CWR-LRA, 2014 WL 10475642, at *1-2 (S.D. Miss. Oct. 21, 2014); *Hughes v. Safeco Ins. Co. of Ill.*, No. 3:11-CV-200-CWR-FKB, 2011 WL 8198662, at *1 (S.D. Miss. June 14, 2011); *Miller v. American Suzuki Motor Corp.*, No. 3:10-CV-680-CWR-LRA, 2011 WL 8198561, at *1 (S.D. Miss. May 27, 2011).